UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DEVIN O'CONNOR,

        Plaintiff,

vs.                                              Case No. 3:18-cv-866-J-34JRK

WILLIAMS TRUCKING LLC and
RONALD BROWN,

        Defendants.
_____/

# O R D E R

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279-1280 (11th Cir. 2001); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking").

Plaintiff originally filed this lawsuit in the Fourth Judicial Circuit Court in and for Duval County, Florida. See Complaint and Demand for Jury Trial (Doc. 2, Complaint). On July 11, 2018, Defendants filed a Notice of Removal (Doc. 1; Notice) notifying the Court of their intent to remove this action to the United States District Court for the Middle District of Florida, Jacksonville Division, and purporting to set forth the facts establishing

1

that the Court has jurisdiction over this action. See Notice at 1-2. Specifically, Defendants assert that the Court has jurisdiction because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00. See id. at 1-3. In support of this assertion, Defendants declare that "Plaintiff is a citizen of the State of Florida. Defendant WILLIAMS TRUCKING LLC is a foreign company. Defendant RONALD BROWN is a citizen of the state of Alabama." Id. at ¶ 3. As to defendant Williams Trucking, the Defendants further allege that "[u]nder 28 U.S.C.A. § 1332(c), a foreign corporation is deemed to be a 'citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.' Accordingly, Williams Trucking is a citizen of Alabama." Id. at ¶ 4.

The problem with these allegations, however, is that Williams Trucking is identified as a limited liability company (LLC), not a corporation, which Defendants acknowledge in the Notice. See id. (". . .WILLIAMS TRUCKING is a foreign company."). Williams Trucking cannot be both a limited liability company and a corporation. Additionally, should Williams Trucking be a corporation rather than a company, Defendants have failed to provide the Court with information to establish where Williams Trucking is incorporated, and where it has its principal place of business. Rather, Defendants have cited the relevant rule for determining corporate citizenship, and then asserted, without supporting allegations, that Williams Trucking is a citizen of Alabama. Finally, because the requirements for demonstrating the citizenship of a limited liability company and a corporation are different, the Court cannot determine Williams Trucking's citizenship from the assertions in the Notice.

For the purposes of establishing diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam).  A corporation, on the other hand, "'shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" Hertz Corp. v. Friend, 559 U.S. 77, 80 (2010) (quoting 28 U.S.C. § 1332(c)(1)) (emphasis omitted).  Thus, to sufficiently allege the citizenship of an LLC, a party must list the citizenship of each of the LLC's members, but to allege the citizenship of a corporation, a party must identify the states of incorporation and principal place of business.  See Rolling Greens, 374 F.3d at 1021-22; 28 U.S.C. § 1332(c)(1).  Here, Williams Trucking is denominated as an LLC, but Defendants allege its jurisdiction as if it is a corporation.  As such, the Court is unable to determine Williams Trucking's citizenship.  Accordingly, clarification is necessary to establish this Court's diversity jurisdiction.

First, Defendants must specify whether Williams Trucking is an LLC or a corporation.  If, despite its name, Williams Trucking is a corporation, Defendants must then allege where Williams Trucking is incorporated, along with its principal place of business.  Conversely, if Williams Trucking is, as it appears to be, an LLC, Defendants must establish the citizenship of each of Williams Trucking's members.[1]  Therefore, the

---

[1] Defendants are advised that each member's citizenship must be properly alleged, be it an individual, corporation, LLC, or other entity.

information presently before the Court is insufficient to invoke the Court's subject matter jurisdiction over this action.[2]

In light of the foregoing, the Court will give Defendants[3] an opportunity to demonstrate that the Court has subject matter jurisdiction over this case on or before **July 31, 2018**. Accordingly, it is

**DONE AND ORDERED** at Jacksonville, Florida on July 16, 2018.

MARCIA MORALES HOWARD
United States District Judge

lc26
Copies to:

Counsel of Record
Pro Se Parties

---

[2] Indeed, carefully ascertaining the citizenship of the parties and whether the Court has subject matter jurisdiction over this action is more than just an academic exercise, as is evident from two recent Eleventh Circuit cases. See Thermoset Corp. v. Bldg. Materials Corp of Am., 849 F.3d 1313, 1316-1317 (11th Cir. Mar. 2, 2017) (vacating summary judgment order after three years of litigation where court determined on appeal that the pleadings below had not sufficiently alleged the citizenship of a defendant limited liability company, and upon further inquiry, found that the defendant limited liability company had a non-diverse member); see also Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1222, 1228 (11th Cir. Mar. 20, 2017) (discussing whether sanctions were warranted in a case where summary judgment was reversed on appeal after the appellate court discovered that the pleadings did not sufficiently allege the citizenship of the plaintiff LLC, leading to the realization that there was no diversity jurisdiction) ("While the requirements of diversity jurisdiction in this scenario are complicated, they are the law. No party in this case acted with bad intentions, but the result was a colossal waste of time and effort. We trust that the damage done to the parties' credibility, finances, and time is enough of a sanction to curb their conduct and to serve as a warning to future diversity jurisdiction litigants. In the end, when the parties do not do their part, the burden falls on the courts to make sure parties satisfy the requirements of diversity jurisdiction. We must be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century.").

[3] The party seeking to invoke the Court's diversity jurisdiction bears the burden of establishing by a preponderance of the evidence that the jurisdictional prerequisites are met. See McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002); see also Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994) (noting that the "pleader must affirmatively allege facts demonstrating the existence of jurisdiction").